**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**ROBERT GARRASI,**

          **Plaintiff,**

          v.

**WELLS FARGO BANK, N.A. et al.,**

          **Defendants.**

_____

**1:21-cv-202**
**(GLS/TWD)**

## SUMMARY ORDER

Pro se plaintiff Robert Garrasi brings this action alleging claims pursuant to the Civil Racketeer Influenced and Corrupt Organizations (RICO) Act,[1] and New York Judiciary Law § 487 against defendants Wells Fargo Bank, N.A., Selene Finance, LP, Wilmington Savings Fund Society, FSB (individually and as trustee for BCAT 2015-13ATT), BCAT 2015-13ATT, Mortgage Electronic Registration Systems, Inc. (MERS), Knuckles, Komosinski & Manfro, LLP, Richard F. Komosinski, and Stuart L. Kossar.  (Compl., Dkt. No. 1.)  Now pending is Wells Fargo and MERS's motion to dismiss, (Dkt. No. 27), Selene Finance and Wilmington Savings's

---

[1] *See* 18 U.S.C. § 1964.

motion to dismiss, (Dkt. No. 33[2]), and Knuckles, Komosinski & Manfro, LLP, Komosinski, and Kossar's motion to dismiss, (Dkt. No. 53). For the reasons stated below, all three motions are granted.

Garrasi alleges that defendants are operating a RICO enterprise with the "goal" to engage in a fraudulent foreclosure action, which was commenced, on April 12, 2016, to foreclose on property deeded to Garrasi on June 29, 2016. (Compl. ¶¶ 23, 42, 48, 60, 251.[3]) Garrasi moved to intervene in the foreclosure action on July 7, 2016. (*Id.* ¶ 204.)

Many of the defendants argue that dismissal is appropriate pursuant to Fed. R. Civ. P. 12(b)(1), because the court is without jurisdiction due to various abstention doctrines, including *Younger* abstention, (Dkt. No. 27, Attach. 23 at 9-10), the *Colorado River* doctrine, (Dkt. No. 27, Attach. 23 at 10-12), and the *Rooker-Feldman* doctrine, (Dkt. No. 53, Attach. 2 at 7-9.[4]) However, none of these doctrines apply because, in the pending state

---

[2] In their supporting memorandum of law, Selene Finance and Wilmington Savings note that BCAT 2015-13ATT is identified as a defendant, and argue that this is impermissible because BCAT 2015-13ATT is a trust which cannot be sued under New York law. (Dkt. No. 33, Attach. 1 at 1 n.1.) This point is moot given that the complaint is dismissed as time-barred against all defendants.

[3] The facts are drawn from Garrasi's complaint, (Dkt. No. 1), and presented in the light most favorable to him.

[4] Because Knuckles, Komosinski & Manfro, LLP, Komosinski, and Kossar's motion to dismiss does not contain page numbers, citations to their motion refer to the pagination generated by CM/ECF. For future reference, the court refers these defendants to N.D.N.Y.

2

foreclosure action, Garrasi seeks to quiet title to the property at issue, (Dkt. No. 27, Attach. 8 at 3-5[5]), whereas, in the present federal action Garrasi seeks only damages stemming from his civil RICO and New York Judiciary Law claims, (Compl.).  *See Sterling v. Deutsche Bank Nat'l Trust Co. as Tr. for Femit Trust 2006-FF6*, No. 19-CV-205, 2019 WL 5726823, at *6-*7 (S.D.N.Y. Aug.16, 2019) (finding that the *Rooker-Feldman*, *Colorado Rivers*, and *Younger* doctrines were all inapplicable where the state action remained pending and the plaintiff sought different relief in the RICO action than in the state-court foreclosure action); *see also McDonald v. Esposito*, No. 20-CV-828, 2021 WL 1062259, at *4 (E.D.N.Y. Mar. 18, 2021); *Simmons v. Reich*, No. 19-CV-3316, 2020 WL 7024345, at *6-*7 (E.D.N.Y. Nov. 30, 2020), *aff'd*, No. 20-4114, 2021 WL 5023354 (2d Cir. Oct. 29, 2021).

    Various defendants also argue that dismissal is appropriate under Fed. R. Civ. P. 12(b)(6), because the complaint is untimely.  (Dkt. No. 27,

---

L.R. 10.1(a)(7), which requires that briefs be submitted with pagination.

   [5] In deciding a motion to dismiss, a court may consider matters of which judicial notice may be taken, such as public filings and administrative decisions.  *See Kavowras v. N.Y. Times*, 328 F.3d 50, 57 (2d Cir. 2003).

3

Attach. 23 at 14-16; Dkt. No. 33, Attach. 1 at 12-13.)  Civil RICO claims are subject to a four-year statute of limitations, which begins to run when a plaintiff has actual or inquiry notice of the injury caused to him or her by the RICO enterprise.  *See Simmons v. Reich*, No. 20-4114, 2021 WL 5023354, at *2 (2d Cir. Oct. 29, 2021).  Because Garrasi became aware of the RICO injury—the allegedly fraudulent foreclosure action—at the latest, when he moved to intervene in the state foreclosure action, on July 7, 2016, (Compl. ¶ 204), and he did not file his complaint in this action until February 22, 2021, his complaint is untimely.  *See Dicob v. Knuckles*, No. 7:07-cv-1044, 2008 WL 11355377, at *2 (N.D.N.Y. Feb. 4, 2008) (holding that plaintiffs "should have been aware of the alleged RICO injury at the time the foreclosure action was commenced"); *see also Zap v. Fed. Home Loan Mortgage Corp.*, No. 6:15-cv-00624, 2016 WL 2992147, at *7 (N.D.N.Y. May 20, 2016).  Given that the complaint is untimely, and Garrasi offers no valid arguments as to why the statute of limitation should be equitably tolled,[6] or that the continuing violations doctrine applies, his RICO cause of

---

[6] Garassi argues that he did not discover the RICO injury until November 2018, and that "even if [the complaint is untimely], due to the defendants' concealment of the truth, the statute of limitations [should be] equitably tolled." (Dkt. No. 45 at 6-7).  However, as mentioned, Garrasi should have had notice of his injury on July 7, 2016, and there is no indication that the RICO injury (the foreclosure) was concealed from him.  *See Rotella v. Wood*, 528 U.S. 549, 554 (2000) (finding that civil RICO claims accrue upon discovery of the

action is dismissed with prejudice.[7]

With respect to Garrasi's New York Judiciary Law claim, (Compl. ¶¶ 333-46), the court declines to exercise supplemental jurisdiction over it. "Although a federal court has discretion to retain jurisdiction over state law claims after the dismissal of the federal claims that created original jurisdiction, 'where, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims.'" *Clark v. Dominique*, 798 F. Supp. 2d 390, 408 (N.D.N.Y. 2011) (quoting *Klein & Co. Futures, Inc. v. Bd. of Trade of N.Y.*, 464 F.3d 255, 262 (2d Cir. 2006)).

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Wells Fargo and MERS's motion to dismiss (Dkt. No. 27) is **GRANTED** and it is further

---

injury, not the discovery of the pattern of RICO activity); *see also Coursen v. Shapiro & Fishman, GP*, 588 F. App'x 882, 885 n.4 (11th Cir. 2014) ("We reject [plaintiff]'s argument that—because [d]efendants allegedly prevented her from discovering that she was a 'victim of fraud'—her RICO claim did not accrue until later. Instead, [plaintiff]'s RICO claim accrued at the time of her injury . . . even if she had not yet discovered Defendants' alleged pattern of RICO acts.").

[7] While a pro se complaint "should not [be] dismiss[ed] without granting [the plaintiff] leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (citation omitted), the court need not extend an opportunity to amend where "[t]he problem with [a plaintiff's] causes of action is substantive" such that "better pleading will not cure it," *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

5

**ORDERED** that Selene Finance and Wilmington Savings's motion to dismiss (Dkt. No. 33) is **GRANTED**; and it is further

**ORDERED** that Knuckles, Komosinski & Manfro, LLP, Komosinski, and Kossar's motion to dismiss (Dkt. No. 53) is **GRANTED**; and it is further

**ORDERED** that the complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk is directed to close the case; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

March 30, 2022
Albany, New York

Gary L. Sharpe
U.S. District Judge