**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

**ROBERT GARRASI,**

             **Plaintiff,**

             **v.**

**WELLS FARGO BANK, N.A. et al.,**

             **Defendants.**

_____

**1:21-cv-202
(GLS/TWD)**

## SUMMARY ORDER

Pro se plaintiff Robert Garrasi brought this action alleging claims pursuant to the Civil Racketeer Influenced and Corrupt Organizations (RICO) Act,[1] and New York Judiciary Law § 487 against defendants Wells Fargo Bank, N.A., Selene Finance, LP, Wilmington Savings Fund Society, FSB (individually and as trustee for BCAT 2015-13ATT), BCAT 2015-13ATT, Mortgage Electronic Registration Systems, Inc. (MERS), Knuckles, Komosinski & Manfro, LLP, Richard F. Komosinski, Esq., and Stuart L. Kossar, Esq.  (Compl., Dkt. No. 1.)  In a March 30, 2022 Summary Order (hereinafter "the March Order"), the court granted defendants' motions to dismiss, (Dkt. Nos. 27, 33, 53), and dismissed the

---

[1] *See* 18 U.S.C. § 1964.

complaint, (Dkt. No. 66).  Pending now is Garassi's motion for reconsideration of the March Order.  (Dkt. No. 68.)  For the reasons that follow Garassi's motion is denied.

Garrasi alleged that defendants were operating a RICO enterprise with the "goal" to engage in a fraudulent foreclosure action, which was commenced, on April 12, 2016, to foreclose on property deeded to Garrasi on June 29, 2016.  (Compl. ¶¶ 23, 42, 48, 60, 251.)  Garrasi moved to intervene in the foreclosure action on July 7, 2016.  (*Id.* ¶ 204.)

Motions for reconsideration proceed in the Northern District of New York under Local Rule 60.1 (formerly Rule 7.1(g)).[2]  "In order to prevail on a motion for reconsideration, the movant must satisfy stringent

---

[2] Northern District of New York Local Rule 60.1 provides:

> Unless otherwise provided by the Court, by statute or rule . . . , a party may file and serve a motion for reconsideration or reargument no later than **FOURTEEN DAYS** after the entry of the challenged judgment, order, or decree. All motions for reconsideration shall conform with the requirements set forth in L.R. 7.1(a)(1) and (2). The briefing schedule and return date applicable to motions for reconsideration shall conform to L.R. 7.1(a). . . . The Court will decide motions for reconsideration or reargument on submission of the papers, without oral argument, unless the Court directs otherwise.

2

requirements." *In re C-TC 9th Ave. P'ship v. Norton Co.*, 182 B.R. 1, 2 (N.D.N.Y. 1995). Such motions "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). The prevailing rule "recognizes only three possible grounds upon which motions for reconsideration may be granted; they are (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *In re C-TC 9th Ave. P'ship*, 182 B.R. at 3 (citation omitted). "[A] motion to reconsider should not be granted where the moving party seeks solely to re[-]litigate an issue already decided." *Shrader*, 70 F.3d at 257.

In support of his motion, Garrasi argues that his injury occurred "in 2018 when he started incurring and paying legal fees, not in 2016 when he moved to intervene in the foreclosure action." (Dkt. No. 68 at 1.) Defendants contend that Garrasi was injured, at the latest, in 2016 when he intervened in the foreclosure action. (Dkt. No. 75 at 3; Dkt. No. 77 at 3-5; Dkt. No. 78 at 3.) Additionally defendants note that, even if Garassi's

3

accrual or payment of legal fees constituted his injury, he "expended legal fees, whether paid directly to attorneys, the state Supreme Court, or otherwise, by filing his [m]otion to [i]ntervene in 2016."  (Dkt. No. 75 at 4; *see* Dkt. No. 77 at 4, Dkt. No. 78 at 3.)

To the extent Garassi is seeking reconsideration "to correct a clear error of law," *In re C-TC 9th Ave. P'ship*, 182 B.R. at 3 (citation omitted), regarding when the statute of limitations began to run, he is mistaken.  For precisely the reasons stated in the March Order, (Dkt. No. 66 at 4-5), the four-year Civil RICO statute of limitations began to run, at the latest, when Garrasi became aware of the allegedly fraudulent foreclosure action and moved to intervene in it on July 7, 2016, thus, making his February 22, 2021 claim untimely.[3]  *See Dicob v. Knuckles*, No. 7:07-cv-1044, 2008 WL 11355377, at *2 (N.D.N.Y. Feb. 4, 2008) (holding that the four-year RICO statute of limitations began "to run when the plaintiff discover[ed] or should have discovered the RICO injury," which the court determined was when "the foreclosure action was commenced"); *see also Zap v. Fed. Home Loan Mortgage Corp.*, No. 6:15-cv-00624, 2016 WL 2992147, at *7

---

[3] When responding to defendants' motions to dismiss, Garrasi offered no valid arguments as to why the statute of limitations should be equitably tolled or that the continuing violations doctrine applies.

4

(N.D.N.Y. May 20, 2016).  Because he has failed to meet the stringent standard that governs reconsideration, Garrasi's motion is denied.

Accordingly, it is hereby

**ORDERED** that Garrasi's motion for reconsideration (Dkt. No. 68) is **DENIED**; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

March 6, 2023
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge